UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY WIGGINS, | ) | 1:11-cv-00777 AWI MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | (Doc. 11) |
| JAMES A. YATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

I. **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 13, 2011. (Pet., ECF No. 1.) In his petition, Petitioner challenges a September 10, 2008 finding of the Unit Classification Committee ("UCC") which changed his custody level from 'Medium A' to 'Close B.' (Pet. at 7-8, ECF No. 1.) A review of the Court's docket and files shows Petitioner has previously sought federal habeas relief with respect to this finding of the UCC. In case number 1:10-cv-02093-OWW-JLT, the Magistrate Judge issued Findings and Recommendations to dismiss the petition for habeas corpus for failure to state a cognizable claim that affected the fact or duration of his confinement. The court dismissed the prior petition on September 7, 2011.

In light of the earlier petition, the Court dismissed the present petition as a second or

1 successive petition without leave of the Court of Appeals file the petition. See Greenawalt v.
2 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).
3    On February 27, 2012, Petitioner filed the instant motion for reconsideration. (Mot., ECF
4 No. 11.) Petitioner asserts that the petition should be reconsidered in light of his difficulty
5 reading, lack of legal knowledge, and the fact that his facility has been on lock-down.

6 **II.** **DISCUSSION**

7    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
8 district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment
9 on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
10 evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
11 been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
12 Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in
13 any event "not more than one year after the judgment, order, or proceeding was entered or
14 taken." Id.
15    Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party
16 to show the "new or different facts or circumstances claimed to exist which did not exist or
17 were not shown upon such prior motion, or what other grounds exist for the motion." Motions
18 to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking,
19 825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456,
20 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly
21 convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare
22 Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd
23 in part on other grounds, 828 F.2d 514 (9th Cir. 1987).
24    Here, Petitioner has failed to meet any of the requirements for granting a motion for
25 reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect,"
26 provided newly discovered evidence, shown the judgment to be either void or satisfied, or
27 provide any other reasons justifying relief from judgment. Moreover, pursuant to the Court's
28 Local Rules, Petitioner has not provided "new or different facts or circumstances claimed to

1  exist which did not exist or were not shown upon such prior motion, or what other grounds
2  exist for the motion." Local Rule 230(j).

3      Petitioner does not address that the present motion is a second or successive petition.
4  Even if additional information provided in the motion for reconsideration is true, Petitioner is
5  not entitled for relief in the present petition. Petitioner's reading difficulties, lack of legal
6  knowledge, and restrictions from the lock-down of his facility, do not change the fact that the
7  Court lacks jurisdiction to review a second or successive petition. Because the Motion for
8  Reconsideration provides no new evidence or circumstances that would satisfy the
9  requirements of Rule 60(b), it must be denied.

10 **III.  ORDER**

11     Accordingly, it is ORDERED that Petitioner's Motion for Reconsideration (Doc. 11.) is
12 DENIED.

13 IT IS SO ORDERED.

14 Dated:   April 27, 2012
15                                      CHIEF UNITED STATES DISTRICT JUDGE